In re BARKER et al.

(District Court, N. D. Iowa, C. D.   November 9, 1901.)

BANKRUPTCY—COMPENSATION OF REFEREES AND TRUSTEES.

A referee in bankruptcy, under Bankr. Act 1898, cannot charge a per diem for his services in presiding at the creditors' meeting, or in hearing the bankrupt's examination or evidence upon claims, nor for the labor of making out the dividend sheet; all such services being within those required by sections 38 and 39, and which are to be compensated by the fee of $10, provided for by section 40. Nor is either a referee or trustee, under sections 40 and 48, entitled to commissions, except on sums available for payment of "dividends and commissions"

In Bankruptcy.   On record certified by referee.

SHIRAS, District Judge.   This case is before the court upon the matter of the referee's account, it appearing therein that he has charged at the rate of $5 per day for his services when engaged in hearing evidence upon claims filed against the estate, and in hearing the examination of the bankrupt, and also $10 for presiding at the first meeting of the creditors.   These services, as well as the labor in preparing the dividend sheet, for which a charge of $2.50 is made, are all included within the services of the referee, within the meaning of that term as used in section 40 of the bankruptcy act, which declares that referees shall receive as full compensation for their services, payable after they are rendered, a fee of $10. Sections 38 and 39 of the act point out that duties pertaining to the referees and the services rendered in this case, in passing upon claims filed and in preparing the dividend sheet, are clearly within the scope of the services intended to be included within the named compensation of $10.   There is no question that this allowance is but a miserly compensation for the time and labor involved upon part of the referee, but such is the law, and it must be obeyed.   The fee of $10 charged for services on July 15th, and $5 charged for services on July 22d, 23d, 26th, and 27th, and in preparing the dividend sheet,—making $32.50 in all,—must be disallowed.

It further appears that the referee and the trustee have charged and been paid commissions on the gross sum of money coming into their hands of the trustee, instead of limiting the commission to the sums available for payment as dividends and commissions, according to the express provisions of sections 40 and 48 of the act.   The amount of the overcharge by the referee is $1.37 and by the trustee is $4.03.   These amounts, making in all $37.90, must be divided among the creditors in the proportions shown on the dividend sheet already prepared.   Upon this being done, the accounts will be approved, and the estate will be closed.